UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dennis Johnson,<br><br>Plaintiff<br><br>vs.<br><br>The United States Department of Veteran Affairs<br><br>Defendant | Civil Action Number:<br><br>COMPLAINT |

The Plaintiff above named complaining of the Defendant above named would allege and show the following

1. The Plaintiff is a citizen and resident of the County of Orangeburg, State of South Carolina and is a disabled Veteran having served in the United States military . His disability is service connected.

2. The Plaintiff is informed and believes that the Defendant is an agency of the government of the United States of America and as part of its functions, as authorized by the Law of the United States, is to Administer and Operate the medical and mental health care facilities for the Veterans of the United States Military.

3. This matter arises from events occurring at the Veterans Administration Clinic located in Orangeburg, South Carolina on November 19, 2024 and involves a claim for personal injuries sustained by the Plaintiff pursuant to Title 28 U.S.C. Section 2671, ect al, more commonly known as the Federal Tort Claims Act.

## STATEMENT OF FACTS

4. The Plaintiff is a disabled veteran who, because of his disabling condition requires regular medical care.

5. The Plaintiff had been a regular patient of the Veterans Administration Clinic in Orangeburg, South Carolina until 2023, since this clinic is closer to his home and he does not have transportation to drive to the V.A. Facilities in Charleston or Columbia, South Carolina.

6. That in 2023 the Plaintiff went to the Orangeburg Clinic for a scheduled appointment and was seen by personnel of the Agency as part of his visit to the facility.

7. As the Plaintiff was preparing to be examined, an agent and/or employee of the facility accused him of having a bed bug found in his clothing and immediately ordered him to leave the facility and never to come back to the facility, even though the facility provided his primary medical care and he informed the employee that he did not have bed bugs in his home..

8. The Plaintiff followed the orders of the employee of the facility and immediately left the facility, no further notice of the denial of his right to use the facility was given to the Plaintiff by the Defendant's agents and/or employees.

9. That after leaving the facility, the Plaintiff did not attempt to reenter the facility, even though he would received a Notice of appointments he had with his various medical providers from time to time at the facility over the course of the year.

10. On November 19, 2024 the Plaintiff, having not attempted to enter the facility for virtually a year decided to return to the facility since he did not have transportation and could not easily get to the William Jennings Bryan Dorn Medical Center in Columbia, South Carolina or the hospital in Charleston, South Carolina for his medical needs.

11. On November 19, 2024, the Plaintiff was sitting in the waiting room of the facility when the employee who had ordered him to leave the facility in 2023 saw him and told him that he had been barred from the facility because he had had a bed bug in his clothing in 2023. The Plaintiff tried to explain to the employee that he had never had any bed bugs in his home in 2023 or on him personally.

12. The nurse then called a security guard who was working at the facility and informed the security guard that the Plaintiff had been barred from the facility in 2023 because he had a bed bug in his clothing. The security guard, acting within the course and scope of his duties demanded the Plaintiff leave the facility.

13. The Plaintiff, not wanting to create any disturbance, asked that he be allowed to use the restroom before he left the facility. As the Plaintiff exited the restroom the security guard came up to him and demanded he come outside. He was talking on the telephone with a friend when he followed the security guard outside onto the side walk of the building.

14. The security guard then came up to him and without warning knocked the telephone from his hand and demanded that he put his hands behind his back.

15. While asking the security guard why he was being attacked and arrested the Plaintiff complied with the instruction and placed both hands behind his back as directed by the security officer.

16. The Officer then handcuffed one of his wrists without incident and then without warning or necessity used the handcuffed wrist to sling the Plaintiff down to the cemented side walk. The Plaintiff landed hard onto the side walk face first.

17. That as a result of the Plaintiff being thrown to the pavement with no ability to protect himself from the fall, the Plaintiff struck his right knee on the cement more severely than other

parts of his body which has resulted in the plaintiff having suffered permanent injures and damage to his right knee.

18. That while the Plaintiff was still on the ground, the officer placed himself on top of the Plaintiff and handcuffed the Plaintiff's other wrist.

19. The Plaintiff was then lift up off of the ground and taken back into the facility and taken to a room without windows. The Plaintiff was sat in a chair while still having his wrist handcuffed behind his back where he was held for almost an hour with no one communicating with him.

20. That while the Plaintiff was waiting in this room an Orangeburg County Sheriff's Deputy came into the room but he did not say anything to the Plaintiff and left the room. Shortly thereafter the security officer came into room released the Plaintiff and told the Plaintiff to leave the facility and never return.

21. That while the Plaintiff was being held against his will the Plaintiff was bleeding from the injuries he had suffered and at no time was he offered or received any medical assistance for his injuries by any of the staff of the facility.

FOR A FIRST CAUSE OF ACTION

(ASSAULT AND BATTERY)

22. The Plaintiff would reiterate the matters alleged herein above as fully as if repeated herein.

23. That on November 19, 2024 the Plaintiff was sitting in the waiting room of the Defendant's facility in Orangeburg, South Carolina having not done anything to warrant the events which unfolded on that day and at that facility at all times the Plaintiff is informed and believes that the security officer was acting in his capacity as an Agent of the Defendant.

24. The conduct of the Defendant's agent placed the Plaintiff in fear for his life and safety.

25. Further, the Plaintiff's fear of serious bodily harm to his person was proved accurate.

26. The Defendant's agent then forcibly threw the Plaintiff to the ground face first in such a manner that the Plaintiff was denied the opportunity to protect himself and lessen the impact of his fall to the pavement.

27. That the actions of the Defendant's agent constituted an assault and battery of the Plaintiff resulting in the Plaintiff suffering permanent physical injuries, mental anguish, severe pain and suffering, loss of the enjoyment of life and having to spend money now and into the future for medical services.

28. The Plaintiff is informed and believes the actions of the Defendant's agent servant and/or employee was the direct and proximate cause of the injuries and damages suffered by the Plaintiff.

29. The Plaintiff is therefore informed and believes that he is entitled to judgment against the Defendant in an amount determined reasonable by the trier of fact hereof.

FOR A SECOND CASUE OF ACTION

(FALSE IMPRISONMENT)

30. The Plaintiff would reiterate the matters alleged herein above as fully as if repeated herein.

31. That following the assault and battery of the Plaintiff by the Defendant's agent, and/or employee the Plaintiff was then led to a window less room and held by the Defendant's agents and/or servants against his will while his hands and wrist were handcuffed behind his back.

32. The Plaintiff is informed and believes the following:

A. The Defendant did restrain the Plaintiff against his will.

B. The Defendant's restrain of the Plaintiff was done intentionally.

C. The Defendant did not have a right to restrain the Plaintiff and therefore the Plaintiff's restraint was unlawful.

33. The Plaintiff is informed and believe the restraint of the Plaintiff by the Defendant by and through its agents and/or employees is the direct and proximate cause of the Plaintiff's injuries and damages arising from his imprisonment and has caused the Plaintiff mental anguish, loss of the enjoyment of his life and to have to spend money for medical care, both now and into the foreseeable future.

34. The Plaintiff is therefore informed and believes that he is entitled to judgment against the Defendant in actual damages for his false imprisonment by the Defendant's agents in an amount determined reasonable by the trier of fact hereof.

Wherefore, the Plaintiff prays for judgment against the Defendant for his assault and battery and false imprisonment in actual damages an amount determined reasonable by the trier of fact hereof

And for such other and further relief as this Court deems just and proper.

Orangeburg, SC

October 26, 2026

/s/Lawrence Keitt
Lawrence Keitt, Esquire
Attorney for the Plaintiff
340 Summers Avenue
P. O. Box 811
Orangeburg, SC 29116
(803) 531-2379
Federal ID Number 2292